■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON SIMS, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered May 18, 1988, convicting defendant after a jury trial of the crime of criminal possession of a controlled substance in the first degree, and sentencing him to an indeterminate term of 15 years to life imprisonment, unanimously affirmed.

Police officers were directed to the premises in question by the landlord who advised them that there was a drug problem in the apartment occupied by defendant, who, it is noted, was not the leaseholder. When one officer knocked at the apartment door, a plastic bag was thrown from the second floor window and retrieved by a fellow officer. The bag contained vials of what appeared to be cocaine. The two officers then broke down the apartment door and arrested defendant. At the precinct house, cocaine and marijuana were recovered from defendant's person.

Defendant's claim that he was deprived of a fair trial by the prosecutor's summation is unpreserved and we decline to review it. Were we to consider defendant's arguments in the interest of justice, we would find that the claim is without merit, and that the summation is essentially responsive to defendant's summation. (People v Crimmins, 36 NY2d 230.) Since the warrantless entry into the apartment was authorized under the circumstances presented (see, People v Clem-

*ents,* 37 NY2d 675, 679), the physical evidence recovered from defendant at the precinct was not the fruit of an unlawful arrest. Nor did defendant receive an unconstitutional sentence *(People v Broadie,* 37 NY2d 100). Concur—Murphy, P. J., Rosenberger, Ellerin and Kassal, JJ.